UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN ODELL LANGFORD,<br><br>  Petitioner,<br>  v.<br>WARDEN RENEE BAKER, *et al.*,<br><br>  Respondents. | Case No. 3:19-cv-00594-MMD-WGC<br><br>ORDER |

Petitioner Justin Odell Langford, a *pro se* individual in the custody of the Nevada Department of Corrections, commenced this habeas action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1-1), Motion for Appointment of Counsel (ECF No. 1-5), and Motion to File Extended Petition (ECF No. 1-6), attaching a 164-page "Memorandum of Law" and 123 pages of exhibits (ECF Nos. 1-2, 1-3).[1] This matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[2]

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

///

---

[1] Langford also filed a financial certificate along with a copy of his inmate account statements. However, he did not file an application to proceed *in forma pauperis* ("IFP") and the standard five dollar ($5.00) filing fee was paid on October 4, 2019. Thus, the Court need not determine whether he qualifies for IFP status.

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

| | |
|---|---|
| 1 | Langford challenges a conviction and sentence imposed by the Eighth Judicial |
| 2 | District Court for Clark County. A jury found him of guilty of lewdness with a child under |
| 3 | the age of 14 and he was sentenced to 10 years to life imprisonment.[3] Having conducted |
| 4 | an initial review of the Petition, the Court will direct service of the Petition and a response. |
| 5 | However, the motion to file an extended petition is denied. Habeas Rule 2 requires |
| 6 | petitioners to file a petition on the court's approved § 2254 petition form or in substantial |
| 7 | compliance with the form. The form instructs a petitioner to describe his claims without |
| 8 | incorporating other documents by reference and without extended legal argument and |
| 9 | case citation. The form is not a cover document to which a petitioner attaches a lengthy |
| 10 | legal memorandum and extensive legal argument. Langford's memorandum of law and |
| 11 | exhibits are unnecessary as the Petition appears sufficiently clear in presenting the issues |
| 12 | that Langford wishes to raise. |
| 13 | Turning to Langford's motion for appointment of counsel, the motion will be denied. |
| 14 | There is no constitutional right to appointed counsel in a federal habeas corpus |
| 15 | proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v.* |
| 16 | *Florida*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner seeking relief |
| 17 | under § 2254 may request the appointment of counsel to pursue that relief. 18 U.S.C. |
| 18 | § 3006A(a)(2)(B). The court has discretion to appoint counsel when the interests of justice |
| 19 | so require. 18 U.S.C. § 3006A(a)(2). The interests of justice so require "when the |
| 20 | complexities of the case are such that denial of counsel would amount to a denial of due |
| 21 | process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). In the absence of such |
| 22 | circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound |
| 23 | discretion of the district court. *Id.* (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th |
| 24 | Cir. 1962)). When a habeas petitioner has a good understanding of the issues and the |
| 25 | /// |

---

[3]This Court takes judicial notice of the proceedings in Langford's criminal case and post-conviction proceedings in the Eighth Judicial District Court and the Nevada Supreme Court. The docket records of the state courts may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and https://nvcourts.gov/Supreme/.

ability to present forcefully and coherently his contentions, no attorney is legally required. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Langford asserts that he is unable to afford counsel and he cannot represent himself because the substantive issues and procedural matters in this case are too complex for his understanding. He also asserts that discovery will be necessary to obtain things he cannot obtain himself as an incarcerated inmate. As to discovery, the Court's review of a § 2254 petition is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). At this juncture the Court cannot determine whether circumstances exist in this case that would nonetheless justify a grant of discovery, and the Court will not appoint counsel based on a speculative possibility of discovery. Although Langford is serving a lengthy sentence, the state court docket and Langford's Petition indicate that the issues in this case are not particularly complex. Langford has demonstrated sufficient ability to write and articulate his claims and requests in the Petition, accompanying motions, and memorandum. Moreover, a review of Langford's filings indicate he is sufficiently able to comprehend the "complex" issues raised by his habeas claims. Langford has not shown that denial of counsel would violate due process. As such, the motion is denied.

It is therefore ordered that Petitioner's motion for appointment of counsel (ECF No. 1-5) and motion to file extended petition (ECF No. 1-6) are denied without prejudice.

It is further ordered that the Clerk of Court file the Petition (ECF No. 1-1).

It is further ordered that the Clerk add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the Petition and this order.

It is further ordered that Respondents will have 90 days from the date the Petition is electronically served to appear in this action and answer or otherwise respond to the Petition.

It is further ordered that if Respondents file an answer to the Petition, Langford will have 60 days to file a reply to the answer. If Respondents file a motion to dismiss instead

of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, procedural defenses, including exhaustion, must not be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response to the Petition, in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that a paper copy of any exhibits over 50 pages—for this case—must be delivered to the Las Vegas Clerk's Office and addressed to the attention of "Staff Attorney." Paper copies must be (i) file-stamped copies, bearing the document number assigned by the CM/ECF system, (ii) securely bound on the left side to display the document number, and (iii) tabbed to display exhibit numbers or letters on the right side or bottom of the copies. *See* LR IA 10-3(i); LR IC 2-2(g).

DATED THIS 22nd day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE