UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JUSTIN ODELL LANGFORD,

Petitioner,

v.

WARDEN RENEE BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00594-MMD-WGC

ORDER

**I.    SUMMARY**

Petitioner Justin Odell Langford, a *pro se* Nevada prisoner housed at the Lovelock Correctional Center ("LCC"), has filed a petition for writ of habeas corpus (ECF No. 5) pursuant to 28 U.S.C. § 2254. Currently before the Court are Langford's motion to reconsider (ECF No. 7), motion to extend time (ECF No. 8), motion for emergency injunction (ECF No. 9), motion for protective order (ECF No. 10), and notice of proposed subpoena (ECF No. 12). For the reasons discussed below, the motions are denied, and the Clerk of Court is instructed to strike the notice of proposed subpoena from the docket.

**II.    BACKGROUND**

Langford's petition challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. A jury found him of guilty of lewdness with a child under the age of 14 and he was sentenced to 10 years to life imprisonment. On October 22, 2019, the Court screened the petition, directed service to Nevada Attorney General as counsel for Respondents, and set a briefing schedule. (ECF No. 4.) The order states that Respondents will have 60 days to answer or otherwise respond to the petition. If they file an answer, Langford will have 60 days to file a reply. However, if Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-

2 and 7-3 of the Local Rules of Practice. The Court also denied Langford's motion for appointment of counsel, finding as follows:

> Although Langford is serving a lengthy sentence, the state court docket and Langford's petition indicate that the issues in this case are not particularly complex. Langford has demonstrated sufficient ability to write and articulate his claims and requests in the petition, accompanying motions, and memorandum. Moreover, a review of Langford's filings indicate he is sufficiently able to comprehend the "complex" issues raised by his habeas claims. Langford has not shown that denial of counsel would violate due process.

(*Id.* at 3.)

## III. DISCUSSION

### A. Motion to Reconsider Denial of Motion to Appoint Counsel (ECF No. 7)

A district court "possesses the inherent procedural power to reconsider, rescind, or modify" an order for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (citation omitted). However, reconsideration is "an extraordinary remedy, to be used sparingly and in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances," unless: (i) the movant presents the court newly discovered evidence; (ii) the court committed clear error, or the initial decision was manifestly unjust; or (iii) there is an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004).

Langford's motion to reconsider merely repeats most of the same arguments he presented in the first motion. However, he now asserts that counsel should be appointed because another inmate is assisting him with preparing filings. (ECF No. 7 at 3.) Upon review of Langford's litigation history in the District of Nevada, it is apparent that he has no difficulty accessing the courts to litigate his claims. Since 2016, Langford has commenced 15 civil rights cases in this district.[1] Nothing in Langford's renewed request

---

[1] *Langford v. Dzurenda*, 3:19-cv-0001-MMD-CLB; *Langford v. Dzurenda*, 3:19-cv-0009-RCJ-WGC; *Langford v. Dzurenda*, 3:19-cv-0010-RCJ-WGC; *Langford v. Dzurenda*, 3:19-cv-0014-RCJ-CLB; *Langford v. Dzurenda*, 3:19-cv-0155-MMD-WGC; *Langford v.*

causes the Court to change its decision that appointment of counsel is unwarranted, as set forth in the prior order. Langford's motion to reconsider is denied.

### B. Motion to Extend Time (ECF No. 8)

This motion asks this Court for an additional 90 days on top of the 60 days stated in the scheduling order to file his reply in support of the petition because of issues with his access to the law library. (ECF No. 8.) Langford's motion is premature. Respondents have yet to respond to the petition and may elect to file a motion to dismiss. Briefing of any motion will be governed by LR 7-2 and 7-3 of the Local Rules of Practice. The motion is denied without prejudice.

### C. Motions for Injunction and Protective Order (ECF Nos. 9–10)

These motions allege that the LCC law library supervisor is threatening Langford as a result of two civil rights complaints he filed against her. (ECF No. 9 at 1.) He asks the Court to enter an order temporarily increasing his checkout limit at the LCC law library to 30 items. (ECF No. 9 at 4.) He further requests a protective order (i) stopping LCC and the Nevada Department of Corrections from moving him in retaliation due to his many lawsuits against them and (ii) ordering the LCC law library supervisor to leave him alone and have other staff deal with him. (*Id.* at 3–4.)

Langford requests relief in excess of this Court's habeas jurisdiction. Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The remedy for unlawful detention is release, a new trial, or resentencing. *E.g.*,

---

*McNeill*, 3:19-cv-0175-MMD-WGC (dismissed for failure to state a colorable claim); *Langford v. Grierson*, 3:19-cv-0193-MMD-CLB (dismissed for failure to state a colorable claim); *Langford v. Bequette*, 3:19-cv-0272-MMD-WGC; *Langford v. Soc. Sec. Admin.*, 3:19-cv-0324-MMD-WGC (removed to federal court from the Eighth Judicial District Court); *Langford v. Cobb*, 3:19-cv-0326-MMD-CLB (dismissed for failure to state a colorable claim); *Langford v. Potter*, 3:19-cv-0354-MMD-WGC; *Langford v. Egerton*, 3:19-cv-0547-MMD-WGC; *Langford v. NaphCare Inc.*, 2:18-cv-1339-RFB-VCF; *Langford v. Nev. Sup. Ct.*, 2:17-cv-2736-JAD-NJK (dismissed as improperly commenced); *Langford v. Colton*, 2:16-cv-1581-JAD-CWH (dismissed for failure to resolve filing fee).

*Munaf v. Geren*, 553, U.S. 674, 693 (2008), *Irvin v. Dowd*, 366 U.S. 717, 729 (1961); *Dowd v. Cook*, 340 U.S. 206, 210 (1951). Preliminary injunctive relief is only appropriate in cases where "the intermediate relief [is] of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). The Court cannot issue an injunction that "deals with a matter lying wholly outside the issues in the suit." *Id.*

Langford's motions present no legal basis to support the relief he seeks. He may be able to file a grievance with prison officials addressing those concerns; however, the Court's habeas jurisdiction in this case only extends to Plaintiff's claims under 28 U.S.C. § 2254. The motions are therefore denied.

### D. Proposed Subpoena (ECF No. 12)

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). A court's review of a § 2254 petition is generally limited to the record that was before the state courts. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). However, Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

Langford has submitted a notice of proposed subpoena to the Court. (ECF No. 12). This proposed subpoena is premature and unauthorized. In the screening order, the Court noted that it could not determine at this juncture whether circumstances exist in this case that would justify a grant of discovery. (ECF No. 4 at 3.) Langford may not seek discovery without leave of the Court. Accordingly, the Clerk of Court is instructed to strike the notice of proposed subpoena from the docket.

### IV. CONCLUSION

Accordingly. it is therefore ordered that Petitioner Justin Odell Langford's motion to reconsider (ECF No. 7), motion to extend time (ECF No. 8), motion for emergency injunction (ECF No. 9), and motion for protective order (ECF No. 10) are denied.

It is further ordered that the Clerk of Court will strike the Notice of Proposed Subpoena (ECF No. 12) from the docket.

DATED THIS 17th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE