UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JUSTIN ODELL LANGFORD,

                                    Petitioner,

        v.

WARDEN RENEE BAKER, *et al.*,

                                    Respondents.

Case No. 3:19-cv-00594-MMD-WGC

ORDER

*Pro se* Petitioner Justin Odell Langford, a Nevada state prisoner, has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. (ECF No. 5) Currently before the Court is Respondents' Motion to Dismiss. (ECF No. 30 ("Dismissal Motion").) Petitioner has opposed the Dismissal Motion, and Respondents have replied. (ECF Nos. 52, 59.) Also before the Court are Petitioner's third Motion for Appointment of Counsel (ECF No. 27), Request for Evidentiary Hearing (ECF No. 28), Application for Bail (ECF No. 29), Requests for Judicial Notice (ECF Nos. 61, 62, 66), and Request for Judicial Action to be Taken (ECF No. 67). For the reasons discussed below, the Dismissal Motion is granted in part and denied in part, and Petitioner's motions are denied.

I.      **BACKGROUND**

        A.      **Conviction and Direct Appeal**

        Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Langford*, Case No. C-14-296556-1. Following a nine-day jury trial, Petitioner was found guilty of one count of lewdness with a child under the age of 14. (Exh. 47, ECF No. 38-8.) On May 17, 2016, the state court entered a judgment of conviction sentencing him to life with parole eligibility after a

1  minimum of 10 years in prison.[1] (Exh. 50, ECF No. 38-11.) The Nevada Supreme Court

2  affirmed his convictions in June 2017. (Exh. 66, ECF No. 39-6.)

3        **B.**     **State Post-Conviction Proceedings**

4       Petitioner filed *pro se* motions to modify and/or correct sentence and for sentence

5  reduction in July 2017. (Exh. 70, ECF No. 39-10.) The motions were denied. He filed a

6  second motion to modify and/or correct illegal sentence in March 2018 (Exh. 120, ECF

7  No. 43-8), which was also denied (Exh. 138, ECF No. 44-4).

8       Petitioner filed a *pro se* state petition for writ of habeas corpus ("first state petition")

9  on December 29, 2017, seeking post-conviction relief. (Exh. 94, ECF Nos. 40-5, 41-1, 41-

10  2, 42-1.) He alleged seven grounds for relief with 100 discrete subclaims. The state petition

11  was denied without an evidentiary hearing in June 2018. (Exh. 139, ECF No. 44-5.)

12       Petitioner appealed the denials of his first state petition and second motion to

13  modify and/or correct illegal sentence. (Exhs. 130, 131, ECF Nos. 43-18, 43-19.) The

14  appeals were consolidated ("post-conviction appeal"). (Exh. 142, ECF No. 44-8.)

15  Petitioner sought and received leave to amend his *pro se* appellate brief to address the

16  consolidated issues. (Exhs. 167, 171, 181, ECF Nos. 45-25, 46-3, 47-3.) The Nevada

17  Supreme Court affirmed the denial of relief in March 2019. (Exh. 201, ECF No. 48-1.)

18       Before the post-conviction appeal was decided, in November 2018, Petitioner filed

19  a second *pro se* state petition for writ of habeas corpus ("second state petition"). (Exh.

20  179, ECF Nos. 46-11, 47-1.) Because the post-conviction appeal was pending, the state

21  court denied the second state petition as premature. (Exh. 198, ECF No. 47-20.) The state

22  court further held that the second state petition was procedurally barred under NRS §

23  34.726(1) and NRS § 34.810(2) as untimely and successive and Petitioner failed to show

24  good cause and prejudice or actual innocence to overcome the procedural bars. (*Id.* at

25  10-13.) The Nevada Court of Appeals affirmed the state court's judgment, finding that the

26

27       [1]Petitioner's judgment of conviction has twice been amended to correct a clerical
error and reflects 859 days credit for time served. (Exhs. 223, 228, ECF Nos. 49-10, 49-

28  15.)

second state petition was untimely and successive and Petitioner failed to demonstrate actual innocence to overcome the procedural bars. (Exh. 219, ECF No. 49-6.)

### C.   Federal Habeas Proceedings

Petitioner initiated this federal habeas corpus proceeding in September 2019. (ECF No. 1.) On October 22, 2019, the Court screened the Petition, directed service to Respondents, and set a briefing schedule. (ECF No. 4.) In addition, the Court denied Petitioner's motion for appointment of counsel, finding that "the issues in this case are not particularly complex," Petitioner "demonstrated sufficient ability to write and articulate his claims and requests," and his "filings indicate he is sufficiently able to comprehend the 'complex' issues raised by his habeas claims." (ECF No. 4 at 3.) He asked the Court to reconsider this decision (ECF No. 7); however, his request was denied along with three other procedurally improper and unsupported motions he filed. (ECF No. 14 (denying Petitioner's motion to extend time (ECF No. 8), motion for emergency injunction (ECF No. 9), and motion for protective order (ECF No. 10), and striking Notice of Proposed Subpoena (ECF No. 12) from the docket).)

The Petition (ECF No. 5) alleges six grounds for relief with numerous subclaims:

**Ground One:** Langford's Sixth Amendment right to effective assistance of appellate counsel was violated because appellate counsel failed to raise all appropriate issues on direct appeal resulting in waiver and procedural bar.

**Ground Two:** Langford's Sixth Amendment right to effective assistance of trial counsel was violated based on the following:

(A)   Trial counsel did not cross-examine the victim regarding Count 2.

(B)   Trial counsel allowed the state court to use a coercive *Allen* charge.[2]

(C)   Trial counsel allowed the violation of Fed. R. Crim. P. 24 (B).

(D)   Trial counsel failed to notify the state court that a government agency suppressed evidence.

(E)   Trial counsel did not challenge the hair DNA.

(F)   Trial counsel failed at the discovery process.

(G)   Trial counsel did not consult an expert witness.

(H)   Trial counsel was not prepared.

(I)   Trial counsel did not try to impeach the complaining witness.

---

[2]*Allen v. United States,* 164 U.S. 492 (1896).

3

(J)  Trial counsel did not object to prosecutorial misconduct.

(K)  Trial counsel did not get records for Langford's alibi.

(L)  Trial counsel was not prepared for witness.

(M)  Trial counsel was not effective during cross-examination.

(N)  Trial counsel failed to ensure Langford was present for all hearings.

(O)  Poking holes is not a defense strategy.

(P)  Trial counsel did not enforce speedy trial act.

(Q)  Trial counsel did not ensure the jury was properly sworn.

(R)  Trial counsel allowed the case to proceed without a grand jury indictment.

(S)  Trial counsel failed to object to the prosecutor's improper closing argument.

(T)  Trial counsel failed to move for a directed verdict or file a motion for a new trial.

(U)  Trial counsel failed to go to the alleged crime scene.

(V)  Trial counsel must know the sentencing laws.

(W)  Trial counsel failed to call promised witness during opening statement and request missing witness jury instruction.

(X)  Trial counsel did not investigate or interview victim.

(Y)  Trial counsel failed to fully inform client.

(Z)  Trial counsel was not present for presentence investigation.

(A1) Failed to transcribe all statements.

(B1) Cumulative errors by trial counsel.

(C1) Complete failure of trial counsel under *Cronic*.[3]

(D1) Closing argument in support.[4]

**Ground Three:** Langford's Sixth Amendment right to the "supremacy of federal law" was violated because the State of Nevada failed to follow the Supremacy Clause of the United States Constitution, the state courts have failed to uphold their oaths of office by violating the following federal laws: Fed. R. Crim. P. 24(B), 18 U.S.C. § 3161, Fed. R. Crim. P. 5, 18 U.S.C. § 3060(a), 18 U.S.C § 2246, 1 U.S.C. § 1, and 18 U.S.C. § 4083.

**Ground Four:** Langford's Fourteenth Amendment right to due process was violated based on the following:

(A)  State officials failed to uphold their oaths of office by allowing the State to suppress evidence, which created vindictive prosecution and in turn

---

[3]*United States v. Cronic*, 466 U.S. 648 (1984).

[4]As discussed below, Petitioner did not intend to plead (D1) as a subclaim. (ECF No. 52 at 7-8.) This reference points the reader to his closing argument in support of Ground 2, which he makes is in his Memorandum in support of the Petition (ECF No. 1-2 at 47-48.) As such, the Court will not treat (D1) as a subclaim.

resulted in prosecutorial misconduct.

(B) The state court violated state and federal law, and by doing so the state court interfered with trial counsel's duties, thus creating ineffective assistance of counsel and depriving Langford of an adequate defense.

(C) Trial counsel was ineffective both prior to and during trial due to her lack of knowledge of state and federal law and due to the interference of prosecutors and the state court.

(D) Trial counsel, who was also appellate counsel, was ineffective due to her lack of knowledge of state and federal law.[5]

**Ground Five:** Langford's conviction violates his Eighth Amendment right to be free from cruel and unusual punishment because he is actually innocent. The state court's failure to uphold state or federal law interfered with trial counsel's ability to provide a complete defense and allowed prosecutors to present perjured testimony, resulting in his wrongful conviction.

**Ground Six:** Langford's conviction violates his Fifth Amendment right to due process due to cumulative error.

Respondents now move to dismiss the Petition (ECF No. 5), arguing that certain claims are unexhausted, non-cognizable, or duplicative. Petitioner moves for bail, an evidentiary hearing, judicial notice, judicial action on the Dismissal Motion, and appointment of counsel—his third request.

## II.    DISCUSSION

### A.    Cognizability

#### 1.    Ground 3

Ground 3 alleges that the State violated multiple federal law and procedural rules in Petitioner's criminal case, including 1 U.S.C. § 1, 18 U.S.C. § 3161, 18 U.S.C. § 3060(a), 18 U.S.C § 2246, and 18 U.S.C. § 4083, and Rules 5 and 24(B) of the Federal Rules of Criminal Procedure. (ECF No. 5 at 8.) Respondents argue this ground fails to state a cognizable habeas claim because Petitioner was charged and convicted in state court with violations of *state* law—he was not subject to a federal prosecution. (ECF No. 30 at 14-15.) Because the State of Nevada follows its own rules of criminal procedure and other relevant rules governing state prosecutions, Respondents maintain that alleged

---

[5]Respondents identify Ground 4 as alleging five discrete subclaims (A)-(E). (ECF No. 30 at 8.) However, the sentence they identify as subclaim (E) does not allege a habeas claim; rather, it cites to additional argument supporting Ground 4. (ECF No. 5 at 10 ("Due Process Grounds are all argued in the Memorandum of law in support of writ of habeas corpus.").) The Court thus recognizes Ground 4 as stating four subclaims (A)-(D).

1    violation of laws governing federal prosecutions cannot support a claim for relief. (*Id.* at
2    15.) Petitioner contends that the Supremacy Clause of the U.S. Constitution supersedes
3    all state laws, and Ground 3 therefore states a cognizable habeas claim. (ECF No. 52 at
4    9.)

5          A state prisoner is entitled to federal habeas relief only if he is being held in custody
6    in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).
7    A limited category of federal statutory claims is cognizable in federal habeas proceedings.
8    *See Reed v. Farley*, 512 U.S. 339, 349-50 (1994). Federal common law may form the
9    basis of a cognizable habeas claim but only if it "safeguards a fundamental trial right."
10   *Withrow v. Williams*, 507 U.S. 680, 691 (1993) (internal quotation marks and citation
11   omitted). Cognizable federal statutory claims include those that attack "a fundamental
12   defect which inherently results in a complete miscarriage of justice or an omission
13   inconsistent with the rudimentary demands of fair procedure." *Reed*, 512 U.S. at 348
14   (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (brackets omitted). For example,
15   the prophylactic rule set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966), is not
16   constitutional in itself but it protects a petitioner's Fifth Amendment right to be free from
17   the introduction of involuntary confessions at trial. *See Withrow*, 507 U.S. at 690-92. Thus,
18   a *Miranda* claim is a cognizable habeas claim. *See id.*

19         Here, Petitioner has not identified a "fundamental trial right" safeguarded by the
20   federal statutes and criminal procedural rules set forth in Ground 3. The Court's review of
21   the cited federal laws and rules indicates that they do not safeguard a fundamental trial
22   right, such as the Fifth Amendment right protected in a *Miranda* claim. Rather, they
23   represent typical federal criminal procedural statutes and rules applicable in federal
24   prosecutions—not state prosecutions. Ground 3 is not cognizable in federal habeas.

25                    **2.      Ground 5**

26         Ground 5 alleges that Petitioner's conviction violates his Eighth Amendment right
27   to be free from cruel and unusual punishment because he is actually innocent. (ECF No. 5
28   at 12.) Respondents assert that Ground 5 should be dismissed because actual innocence

1    cannot be a standalone claim for relief. (ECF No. 30 at 15.)

2            Federal courts have "not resolved whether a freestanding actual innocence claim

3    is cognizable in a federal habeas corpus proceeding in the non-capital context, although

4    [the Ninth Circuit has] assumed that such a claim is viable. *Jones v. Taylor*, 763 F.3d 1242,

5    1246 (9th Cir. 2014) (citing *Osborne v. Dist. Attorney's Office for the Third Judicial Dist.*,

6    521 F.3d 1118, 1130 (9th Cir. 2008), *rev'd on other grounds*, 557 U.S. 52 (2009)); *see*

7    *also McQuiggin v. Perkins*, 569 U.S. 383 (2013) (noting that it is, as yet, unresolved

8    whether a freestanding actual innocence claim is cognizable in a federal habeas

9    proceeding; *Herrera v. Collins*, 506 U.S. 390, 417 (1993) (acknowledging the possibility

10   that a freestanding actual innocence claim would exist in the capital context). However,

11   the Ninth Circuit has suggested "that relief would be available, if at all, only in very narrow

12   circumstances." *Gimenez v. Ochoa*, 821 F.3d 1136, 1145 (9th Cir. 2016). A petitioner

13   "must 'go beyond demonstrating doubt about his guilt, and must affirmatively prove that

14   he is probably innocent'." *Id.* (quoting *Carriger v. Stewart,* 132 F.3d 463, 476 (9th Cir.1997)

15   (en banc)).

16           Because an open question remains as to whether actual innocence is a cognizable,

17   freestanding claim, and Respondents do not argue that, assuming that a free-standing

18   claim exists, the facts Petitioner alleged fail to state a colorable claim, the Court finds that

19   dismissal is inappropriate at the pleading stage. *See Jones*, 763 F.3d at 1246 ("We need

20   not resolve this difficult question today, however, because, even assuming that such a

21   free standing claim of actual innocence in a non-capital case is cognizable, we conclude

22   that Jones has not made a sufficient showing to merit relief."). The Dismissal Motion is

23   thus denied as to Ground 5.

24           **B.      Ground 4**

25           Respondents argue that Grounds 4(A) and (B) are unexhausted, and Grounds

26   4(C), 4(D), and 4(E) are already encompassed in the Petition in Grounds 1, 2, and 6; thus,

27   the unexhausted and duplicative claims should be dismissed. (ECF No. 30 at 13–15.)

28   Petitioner concedes that Ground 4 are subject to dismissal as unexhausted and

1    duplicative. (ECF No. 8-9.) The Court will therefore dismiss Ground 4 with prejudice.

2        **C.    Exhaustion**

3        A state prisoner first must exhaust state court remedies on a habeas claim before

4    presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion

5    requirement ensures that the state courts, as a matter of comity, will have the first

6    opportunity to address and correct alleged violations of federal constitutional guarantees.

7    *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his

8    federal claims when he has fully and fairly presented them to the state courts." *Woods v.*

9    *Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To satisfy the exhaustion requirement, a

10   claim must have been raised through one complete round of either direct appeal or

11   collateral proceedings to the highest state court level of review available. *O'Sullivan v.*

12   *Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th

13   Cir. 2003) (en banc). A properly exhausted claim " 'must include reference to a specific

14   federal constitutional guarantee, as well as a statement of the facts that entitle the

15   petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152,

16   162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation

17   requires both the operative facts and federal legal theory upon which a claim is based).

18       Respondents contend that Grounds 2(B), (C), (D), (F), (K), (Q), (R), (T), (U), (W),

19   (Y), (Z), (A1), (B1), (D1), 3, and 4 are unexhausted.[6] (ECF No. 30 at 10-13.) To the extent

20   Petitioner opposes dismissal with similar arguments, the Court will address the claims

21   jointly.

22       **1.    Ground 2(D1)**

23       Respondents argue that Ground 2(D1) is unexhausted. (ECF No. 30 at 13.) The

24   reference appearing to allege Ground 2(D1) as a claim states, "Closing argument in

25

26       [6]Because the Court has already addressed and dismissed Grounds 3 and 4, the
27   Court finds it unnecessary to address those grounds in its exhaustion analysis. *See Cooper v. Neven*, 641 F.3d 322, 327-28 (9th Cir. 2011) (stating that when a particular
28   issue is dispositive, a district court "need not consider alternative reasons for dismissing the petition.").

support." (ECF No. 5 at 6.) Petitioner indicates that he did not intend to plead Ground 2(D1) as a claim. (ECF No. 52 at 7-8.) Rather, he states that the (D1) reference points the reader to his closing argument in support of Ground 2, which he makes is in his Memorandum in support of the Petition (ECF No. 1-2 at 47-48.) As such, the Court will not treat Ground 2(D1) as a ground for relief.

### 2.    Grounds 2(K), (Y), (T), (U), (Y), and (Z)

Ground 2(K) alleges counsel did not "get records for alibi." (ECF No. 5 at 6.) Petitioner raised this claim in the first state petition as ground one(q). (ECF No. 40-5 at 10.) Ground 2(T) alleges counsel failed to move for a directed verdict or file a motion for a new trial. (ECF No. 5 at 6.) This claim was raised in the first state petition as ground one(i). (ECF No. 40-5 at 10.) Ground 2(U) alleges counsel failed to go to the alleged crime scene. (ECF No. 5 at 6.) This claim was raised in first state petition as ground one(v). (ECF No. 40-5 at 11.) Ground 2(Y) alleges "counsel failed to fully inform client." (ECF No. 5 at 6.) Petitioner raised this claim in ground one(z) of the first state petition. (ECF No. 40-5 at 11.) Ground 2(Z) alleges counsel was "not present for presentence investigation." (ECF No. 5 at 6.) This claim was raised in ground one(n) of the first state petition. (ECF No. 40-5 at 10.)

Petitioner argues Grounds 2(K), (Y), (T), (U), (Y), and (Z) are exhausted because he raised each of them before the state court in the first state petition. (ECF No. 52 at 2-8.) He contends that, when a petitioner files a notice of appeal challenging the denial of a state habeas petition, the notice challenges the denial of all claims presented to the state court. (*Id.* at 2.) According to Petitioner, that means the Nevada Supreme Court "has seen all claims raised" and made its ruling. (*Id.*)

Petitioner fails to provide any authority to support his argument. When a petitioner files an appellate brief, any claim he fails to raise in that brief cannot be deemed exhausted. *See, e.g.*, *Moormann v. Schriro*, 426 F.3d 1044, 1057 (9th Cir. 2005) ("Where the parties did not mention an issue in their briefs and where the court did not mention it was considering that issue *sua sponte*, there is no evidence that the appellate court

1    actually considered the issue, regardless of its duty to review for fundamental error, and

2    the issue cannot be deemed exhausted."); *Castillo*, 399 F.3d at 1000 (to be exhausted,

3    petitioner must have presented claim "within the four corners of his appellate briefing")

4    (citing *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004)).

5         Here, Petitioner sought and received leave to amend his *pro se* appellate brief to

6    address the consolidated issues in the post-conviction appeal. (Exhs. 167, 171, 181, ECF

7    Nos. 45-25, 46-3, 47-3.) As Respondents point out, Petitioner failed to raise Grounds 2(K),

8    (Y), (T), (U), (Y), and (Z) in his amended informal brief to the Nevada Supreme Court.

9    (Exh. 181, ECF No. 47-3 at 39-45.) Thus, the claims were not raised through one complete

10   round of post-conviction proceedings and they are subject to dismissal as unexhausted.

11             **1.    Ground 2(W)**

12        Ground 2(W) alleges trial counsel failed (1) "to call promised witness during opening

13   statement" and (2) "request missing witness jury instruction." (ECF No. 5 at 6.) Petitioner

14   alleged in ground one(L1) of the first state petition, "counsel failed to call one of the

15   witnesses to the stand she said would be called which was the original investigator she

16   had for my case." (Exh. 94, ECF No. 40-5 at 12.) Respondents argue this claim is

17   unexhausted. (ECF No. 30 at 12.) However, in his amended informal brief to the Nevada

18   Supreme Court, Petitioner alleged that counsel promised to have Craig Retke, the

19   defense's original private investigator, testify on Petitioner's behalf, but Retke did not

20   testify. (Exh. 181, ECF No. 47-3 at 43–44.) Retke was the only promised witness Petitioner

21   discussed in the amended informal brief. However, he raised no claim regarding a missing

22   witness jury instruction in either state petition or the amended informal brief. Accordingly,

23   the first portion of the Ground 2(W) is exhausted but the last part regarding a missing

24   witness jury instruction is unexhausted.

25             **2.    Ground 2(A1)**

26        In Ground 2(A1), Petitioner appears to allege that trial counsel "failed to transcribe

27   all statements." (ECF No. 5 at 6.) Petitioner argues that the Dismissal Motion misconstrues

28   this claim but he does not elaborate further. (ECF No. 52 at 7.) He failed to raise this claim

in his amended informal brief to the Nevada Supreme Court. (Exh. 181, ECF No. 47-3 at 39-45.) Ground 2(A1) is therefore unexhausted.

### 3.    Grounds 2(B), (C), (D), (F), (Q), (R), and (B1)

In Ground 2(B), Petitioner alleges counsel allowed the state court to use a coercive *Allen* charge. (ECF No. 5 at 5.) Ground 2(C) alleges counsel allowed the violation of Rule 24(B) of Federal Rules of Criminal Procedure. (*Id.*) Ground 2(D) alleges counsel failed to notify the state court that a government agency suppressed evidence. (*Id.*) Ground 2(F) alleges counsel failed at the discovery process. (*Id.*) Ground 2(Q) alleges counsel did not ensure the jury was properly sworn.[7] (*Id.* at 6.) Ground 2(R) alleges counsel allowed the case to proceed without a grand jury indictment. (*Id.*) Ground 2(B1) alleges cumulative errors by counsel. (*Id.*) Petitioner raised each of these claims in his second state petition. (Exh. 179, ECF No. 46-11 at 23-28, 32-35, 51-73.)

In response to the Dismissal Motion, Petitioner argues that Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) are exhausted because they were raised before the state court in the second state petition. (ECF No. 52 at 2-8.) The second state petition was denied as untimely and successive. (Exh. 198, ECF No. 47-20.) Petitioner appealed, and the Nevada Court of Appeals affirmed. (Exh. 219, ECF No. 49-6.) This means Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) may be exhausted but also procedurally defaulted.[8]

---

[7]The Court notes that Petitioner first raised a claim about counsel failing to ensure the jury was properly sworn in his amended informal brief, and the Nevada Supreme Court declined to address the claim in the first instance:

> Langford next speculates that the jury may not have been properly sworn because the transcripts do not indicate whether the trial court or the clerk administered the oath. Langford concedes that he did not raise this issue below. We decline to consider claims raised for the first time on appeal.

(Exh. 201, ECF No. 48-1 at 9-10.) He then raised the claim as Ground 2(Q) of the second state petition, which was denied and untimely and successive. (Exh. 198, ECF No. 47-20.)

[8]As the procedural history was incomplete in the Dismissal Motion, the Court will defer its exhaustion ruling on Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) and any potential procedural default ruling at this time. Accordingly, the Court will also defer extending options to Petitioner for a "mixed petition" until such issues are resolved.

### D.   Procedural Default

Where the state courts deny a prisoner's habeas claim on independent and adequate state law grounds, that claim is "procedurally defaulted" for purposes of federal habeas review.[9] *Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000) (bar applies if prisoner fails to meet a "state procedural requirement"). Additionally, a federal court may consider a claim procedurally defaulted where "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *McQuiggin*, 569 U.S. at 386 (miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons").

The procedural history Respondents provided in their Dismissal Motion was incomplete. (ECF No. 30 at 6.) They indicated that second state petition was "procedurally barred for review" (*Id.*), but they did not explicitly state that Petitioner appealed the state court's decision and the Nevada Court of Appeals affirmed. (Exhs. 198, 219, ECF Nos. 47-20, 49-6.) Because the Nevada Court of Appeals affirmed the denial of the second state petition as untimely and successive under independent and adequate state law grounds, Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) may be procedurally defaulted.

The Court's scheduling order instructed Respondents to raise "any procedural defenses" in this case "together in a single consolidated motion to dismiss," and "[p]rocedural defenses omitted from such motion to dismiss will be subject to potential waiver." (ECF No. 4 at 4.) The Dismissal Motion identified Grounds 2(B), (C), (D), (F), (Q),

---

[9]Nevada's one-year statute of limitation for post-conviction petitions, NRS § 34.726, and prohibition on second or successive post-conviction petitions, NRS § 34.810(2), are independent and adequate state procedural rules as applied to non-capital cases. *See, e.g.*, *Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018); *Bargas v. Burns*, 179 F.3d 1207, 1211-14 (9th Cir. 1999).

1   (R), and (B1) as unexhausted but did not alert Petitioner to the potential procedural default

2   to allow him to argue cause and prejudice or actual innocence to overcome any default.

3   Given the incomplete state of the procedural history, and Petitioner's freestanding claim

4   of actual innocence, which he may argue to overcome a procedural default, additional

5   motion practice may be necessary—in this case—to prepare for merits review. *See*

6   *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997) (federal courts should generally decide a

7   procedural bar issue along with the jurisdictional issues before reaching other non-

8   jurisdictional threshold issues); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005)

9   ("Unless a court has ordered otherwise, separate motions to dismiss may be filed asserting

10  different affirmative defenses."). Thus, the scheduling order will be amended accordingly.

11      **E.     Petitioner's Motions**

12      Also before the Court are Petitioner's third Motion for Appointment of Counsel (ECF

13  No. 27), Request for Evidentiary Hearing (ECF No. 28), Application for Bail (ECF No. 29),

14  Requests for Judicial Notice (ECF Nos. 61, 62, 66), and Request for Judicial Action to be

15  Taken (ECF No. 67).

16      Nothing in Petitioner's third motion for appointment of counsel causes the Court to

17  change its decision that appointment of counsel is unwarranted, as set forth in the prior

18  order. Petitioner's third motion for appointment of counsel is denied.

19      Petitioner's request for an evidentiary hearing will be denied without prejudice as

20  premature because the Court has yet to examine Petitioner's habeas claims on the merits.

21  Prior to conducting that examination, the Court is unable to determine whether an

22  evidentiary hearing is required to adjudicate Petitioner's claims. The Court will reconsider

23  Petitioner's request if, following consideration of the merits of his claims, the Court

24  determines that an evidentiary hearing is necessary.

25      Petitioner also seeks release upon posting bail. He cites 18 U.S.C. § 3143(b) as

26  authority for his release and argues he can provide clear and convincing evidence to

27  overcome the presumptions of danger to the community and risk of flight. However, the

28  statute he cites applies to *federal* prisoners convicted of *federal* crimes. Petitioner is a

1  *state* prisoner convicted in *state* court of a crime charged under Nevada law. The statute
2  does not authorize his release on bail pending a decision in this habeas proceeding. The
3  bail application is thus denied.

4          Petitioner's requests for judicial notice and judicial action move the Court for an
5  order denying the Dismissal Motion. Local Rule 7-2, allows a motion, a response, and a
6  reply. Filings alerting the Court to pending motions are unnecessary. This Court is
7  assigned to hundreds of active cases. Criminal cases have priority and, in the absence of
8  a true emergency,[10] all motions filed in civil cases are processed in the order in which they
9  are filed. In short, each petitioner must wait his or her turn.

10  **III.    CONCLUSION**

11          Based on the foregoing, it is therefore ordered that Respondents' Motion to Dismiss
12  (ECF No. 30) is granted in part and denied in part as follows:

13  •  Ground 2(D1) will not be construed as a ground for relief.

14  •  Grounds 2(K), (Y), (T), (U), (Y), and (Z) (A1) are unexhausted.

15  •  The Court defers a ruling on exhaustion and any procedural default of Grounds
16      2(B), (C), (D), (F), (Q), (R), and (B1) at this time.

17  •  The first portion of Ground 2(W) alleging trial counsel failed "to call promised
18      witness during opening statement" is exhausted.

19  •  The second portion of Ground 2(W) alleging trial counsel failed to "request missing
20      witness jury instruction" is unexhausted.

21  •  Grounds 3 and 4 are dismissed with prejudice.

22          It is further ordered that Petitioner's third Motion for Appointment of Counsel (ECF
23  No. 27), Request for Evidentiary Hearing (ECF No. 28), Motion for Bail (ECF No. 29),
24  Requests for Judicial Notice (ECF Nos. 61, 62, 66), and Request for Judicial Action to be
25  Taken (ECF No. 67) are denied.

26

27          [10]LR 7-4 discusses the requirements for submitting emergency motions and notes
28  that such motions "should be rare." *See also Cardoza v. Bloomin' Brands*, *Inc.*, 141 F.
    Supp. 1137, 1144-45 (D. Nev. 2015).

It is further ordered that Respondents will have until April 29, 2021, to file a second motion to dismiss or seek other appropriate relief. If Respondents file a motion to dismiss, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

All other instructions stated in the scheduling order (ECF No. 4) remain in effect.

DATED THIS 15th Day of March 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE