UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTIN ODELL LANGFORD,<br>　　　　　　　Petitioner,<br>　v.<br>WARDEN RENEE BAKER, *et al.*,<br>　　　　　　　Respondents. | Case No. 3:19-cv-00594-MMD-WGC<br>ORDER |

　　　This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Justin Odell Langford, a person incarcerated in Nevada who is proceeding *pro se*. Currently before the Court is Petitioner's motion for leave to amend petition for writ of *habeas corpus*. (ECF No. 74.) Respondents oppose the motion (ECF No. 75) and Petitioner filed his reply. (ECF No. 76.) Also before the Court is Respondents' motion to extend (ECF No. 73). For the reasons discussed below, the Court denies Petitioner's motion for leave to amend and grants Respondents' motion to extend.

**I.    BACKGROUND**

　　　Following a nine-day jury trial, Petitioner was found guilty of one count of lewdness with a child under the age of 14. (Exh. 47, ECF No. 38-8.) On May 17, 2016, the state court entered a judgment of conviction sentencing him to life with parole eligibility after a minimum of 10 years in prison. (Exh. 50, ECF No. 38-11.) Petitioner filed two motions to modify and/or correct sentence that were denied. (Exhs. 70, 120, ECF Nos. 39-10, 43-8.) Petitioner filed a *pro se* state habeas petition seeking post-conviction relief, which the state district court denied. (Exh. 139, ECF No. 44-5.) Petitioner appealed and the Nevada Supreme Court affirmed the denial of relief. (Exh. 201, ECF No. 48-1.)

　　　Prior to the post-conviction appeal decision, Petitioner filed a second *pro se* state petition in November 2018. (Exh. 179, ECF Nos. 46-11, 47-1.) The state court denied the

second state petition as premature and held that the second state petition was procedurally barred as untimely and successive finding Petitioner failed to show good cause and prejudice or actual innocence to overcome the procedural bars. (Exh. 198, ECF No. 47-20.)

On September 25, 2019, Petitioner initiated this federal proceeding by filing a *pro se* petition alleging six grounds for relief with numerous subclaims. (ECF No. 1.) Respondents filed their motion to dismiss. (ECF No. 30.) The Court granted in part and deferred a ruling on exhaustion and any procedural default of Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) because Respondents provided an incomplete procedural history in their motion. (ECF No. 68.) On April 28, 2021, Respondents filed their second motion to dismiss (ECF No. 71) and on May 10, 2021, Petitioner filed his opposition. (ECF No. 72.)

## II. DISCUSSION

### A. MOTION TO AMEND

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted).

Leave to amend may be denied based upon futility alone. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 2004). To assess futility, the court necessarily evaluates whether relief may be available on the merits of the proposed claim. *See Caswell v. Calderon*, 363 F.3d 832, 837-39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law,

amendment should be denied as futile. *See id.*

Petitioner requests leave to amend his petition to add new claims and subclaims as well as to remove unexhausted claims. Following review of the original and proposed amended petitions in this case, it is clear that many of the new claims Petitioner seeks to add are not exhausted. Petitioner provides that Grounds 4, 5, 6, and 7 were not raised before and therefore not exhausted in state court. (ECF No. 74 at 2.) He further provides that he filed a third state habeas petition in state district court, which the state district court recently dismissed as untimely.[1] (*Id.* at 2-3.) Petitioner's argument that the Court may excuse his failure to exhaust Grounds 2, 3, 4, 5, and 6 because exhaustion was "waived" and that there "is no state remedy available for them to be raised," is not persuasive. (ECF Nos. 74 at 4-5, 76 at 4.)

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Thus, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also Rose v. Palmateer*, 395 F.3d 1108, 1110 (9th Cir. 2005) ("Pursuant to 28 U.S.C. § 2254(b)(1)(A), a federal court may not consider the merits of [petitioner's] claim unless he has exhausted all available state court remedies"). Because the Court cannot consider unexhausted claims, amendment of the petition would be futile.

In addition, Petitioner seeks to introduce claims that are similar to claims that the Court has already dismissed with prejudice in its order granting in part Respondents' motion to dismiss as not cognizable in federal habeas. A state prisoner is entitled to

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Petitioner's allegations in Ground 5, including but not limited to, that the Nevada Revised Statute ("NRS") was "created in violation of the separation of powers," and that the NRS was written by the Nevada Supreme Court justices do not present an actionable habeas claim based on constitutional error. Accordingly, Petitioner's amendment would be futile.

To the extent Petitioner to seeks to add claims that have been exhausted or to include additional factual allegations to the claims already in the petition, he has failed to provide good cause for his failure to include the claims and allegations in his original federal petition. Accordingly, Petitioner's motion to amend will be denied on the basis that he has failed to establish good cause for his failure to include his new claims and additional allegations in the original petition and because amendment to add unexhausted or noncognizable new claims would be futile.

### B.    MOTION TO EXTEND

Respondents request leave to extend time to file their reply in support of their second motion to dismiss. Good cause appearing, it is hereby ordered that Respondents' motion to extend (ECF No. 73) is granted. Respondents have until June 16, 2021, to file their reply.

### III.    CONCLUSION

Based on the foregoing, it is therefore ordered that Petitioner's motion for leave to amend (ECF No. 74) is denied.

It is further ordered that Respondents' motion to extend (ECF No. 73) is granted.

Dated this 11th Day of June 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE