UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JUSTIN ODELL LANGFORD,

                    Petitioner,

     v.

RENEE BAKER, *et al.*,

                    Respondents.

Case No. 3:19-cv-00594-MMD-WGC

ORDER

## I.   SUMMARY

This habeas matter is before the Court on Respondents' Second Motion to Dismiss (ECF No. 71). For the reasons discussed below, Respondents' motion is granted.

## II.   BACKGROUND[1]

Following a nine-day jury trial, Langford was found guilty of one count of lewdness with a child under the age of 14. (Exh. 47, ECF No. 38-8.) On May 17, 2016, the state court entered a judgment of conviction sentencing him to life with parole eligibility after a minimum of 10 years in prison. (Exh. 50, ECF No. 38-11.) Langford appealed and the Nevada Supreme Court affirmed the judgment of conviction. (Exh. 66, ECF No. 39-6.) In July 2017, Langford filed *pro se* motions to modify and/or correct sentence and for sentence reduction in July 2017. (Exh. 70, ECF No. 39-10.) The motions were denied. (Exh. 120, ECF No. 43-8.)

Langford filed a *pro se* state habeas petition seeking post-conviction relief, which the state district court denied. (Exh. 139, ECF No. 44-5.) Langford appealed and the Nevada Supreme Court affirmed the denial of relief. (Exh. 201, ECF No. 48-1.) ~~Prior to~~Before the post-conviction appeal decision, Langford filed a second *pro se* state petition

---

[1]This procedural history is derived from the exhibits located at ECF Nos. 32-49 on the Court's docket.

1
2
3
4
5
6
7
8

in November 2018. (Exh. 179, ECF Nos. 46-11, 47-1.) The state court denied the second state petition as premature and held that the second state petition was procedurally barred under NRS § 34.725(1) and NRS § 34.810(2) as untimely and successive finding Langford failed to show good cause and prejudice or actual innocence to overcome the procedural bars. (Exh. 198, ECF No. 47-20.) The Nevada Court of Appeals affirmed the state court's judgment, finding that the second state petition was untimely and successive, and Langford failed to demonstrate actual innocence to overcome the procedural bars. (Exh. 219, ECF No. 49-6.)

9
10
11
12
13
14
15
16
17

On September 25, 2019, Langford initiated this federal proceeding by filing a *pro se* petition alleging six grounds for relief with numerous subclaims. (ECF No. 1.) Respondents filed their first motion to dismiss. (ECF No. 30.) The Court granted in part determining that Ground 2(D1) will not be construed as a ground for relief, Grounds 2(K), (Y), (T), (U), (Y), (Z), and (A1) are unexhausted, the second portion of Ground 2(W) alleging that trial counsel failed to "request missing witness jury instruction" is unexhausted, and Grounds 3 and 4 are dismissed with prejudice. (ECF No. 68.) The Court also deferred a ruling on exhaustion and any procedural default of Grounds 2(B), (C), (D), (F), (Q), (R), and (B1). (*Id.*)

18
19
20
21
22

Respondents now move to dismiss the Petition because Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) are procedurally defaulted.[2] Langford argues that the state district court did not have jurisdiction to reach a decision on the merits, that records were not provided to Langford and his previous counsel, and that the state district court refused to acknowledge Langford's arguments. (ECF No. 72.)

23

**III.   DISCUSSION**

24
25
26
27

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim based on an independent and adequate state procedural rule. *See Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000). Nevada's one-year statute

28

[2]Grounds 1, 2(A), 2(E), 2(G), 2(H), 2(I), 2(J), 2(L), 2(M), 2(N), 2(O), 2(P), 2(S), 2(V), 2(X), 2(C1), 5, and 6 are not addressed by this motion.

1
2
3
4
5
6
7
8
9
10

of limitation[3] for post-conviction petitions and prohibition on second or successive post-conviction petitions are independent and adequate state procedural rules as applied in non-capital cases. *See, e.g.*, *Williams v. Filson*, 908 F.3d 546, 580 (9th Cir. 2018); *Bargas v. Burns*, 179 F.3d 1207, 1211-14 (9th Cir. 1999). When a petitioner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons").

11
12
13
14
15
16
17
18
19
20
21
22

To demonstrate cause, the petitioner must show that some external and objective factor impeded his efforts to comply with the procedural rule. *See Maples v. Thomas*, 565 U.S. 266, 280-81 (2012). Ignorance or inadvertence does not establish cause. *Murray v. Carrier*, 477 U.S. 478, 486-87 (1986). To show prejudice, a petitioner must prove not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *See Carrier*, 477 U.S. at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019). To demonstrate a fundamental miscarriage of justice, a petitioner must show that the constitutional error complained of probably resulted in the conviction of an actually innocent person. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). This is a narrow exception and it is reserved for extraordinary cases only. *See Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

23
24
25
26
27

In Ground 2(B), Langford alleges counsel allowed the state court to use a coercive *Allen* charge. (ECF No. 5 at 5.) Ground 2(C) alleges counsel allowed the violation of Rule 24(B) of Federal Rules of Criminal Procedure. (*Id.*) Ground 2(D) alleges counsel failed to notify the state court that a government agency suppressed evidence. (*Id.*) Ground 2(F) alleges counsel failed at the discovery process. (*Id.*) Ground 2(Q) alleges counsel did not

28

---

[3]NRS §§ 34.726, 34.810(2).

1 ensure the jury was properly sworn.7 (*Id.* at 6.) Ground 2(R) alleges counsel allowed the

2 case to proceed without a grand jury indictment. (*Id.*) Ground 2(B1) alleges cumulative

3 errors by counsel. (*Id.*) Langford raised each of these claims in his second state petition.

4 (Exh. 179, ECF No. 46-11 at 23-28, 32-35, 51-73.)

5        Langford's claims in Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) are procedurally

6 barred. Langford raised Grounds 2(B), (C), (D), (F), (R), and (B1) for the first time in state

7 proceedings in his second state habeas petition. (Exh. 179; ECF No. 46-11.) Although

8 Langford raised Ground 2(Q) in his first habeas appeal, the Nevada Supreme Court

9 declined to consider it in the first instance. (Exh. 201; ECF No. 48-1.) Langford included

10 Ground 2(Q) in his second state habeas petition. The state district court dismissed

11 Langford's second state habeas petition as successive and procedurally barred under

12 NRS § 34.725(1) and NRS § 34.810(2) finding Langford failed to show good cause and

13 prejudice or actual innocence to overcome the procedural bars. (Exh. 196; ECF No. 47-

14 18.)

15        The Nevada Court of Appeals' determination that Grounds 2(B), (C), (D), (F), (Q),

16 (R), and (B1) are procedurally barred under NRS § 34.726(1) and NRS § 34.810(2) was

17 an independent and adequate ground to affirm the denial of the claims in Langford's

18 second state habeas petition. The burden thus falls on Langford to prove good cause for

19 the default and actual prejudice. *See* NRS §§ 34.726(1), 34.810(3).

20        Langford argues that the state district court did not have jurisdiction to reach a

21 decision on the merits because the Nevada Supreme Court had not issued a remittitur on

22 the appeals. (ECF No. 72.) Langford further argues that records were not provided to

23 Langford and his previous counsel, and that the state district court refused to

24 acknowledge Langford's arguments. (*Id.*) The Court agrees with Respondents that

25 Langford failed to establish good cause and prejudice to excuse his procedurally

26 defaulted claims. (ECF No. 79.) Langford's argument that the state district court did not

27 have jurisdiction to deny Langford's second state habeas petition lacks merit. *See Foster*

28 *v. Dingwall*, 228 P.3d 453, 454-455 (Nev. 2010) (holding that timely notice of appeals

divests district court of jurisdiction except as to matters independent from the appealed order and the district court retains jurisdiction to deny requests for relief regarding matters that are not collateral to or independent from the appealed order while the appeal remains pending).

Further, Langford's arguments that parties kept records from him and that the state district court did not acknowledge his arguments similarly fail. *Pro se* pleadings are understandably given the benefit of liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, claims based on conclusory allegations are not sufficient basis to provide relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Langford's arguments are not supported by a statement of specific facts that is sufficient to show cause and prejudice to overcome this procedural bar. Accordingly, the Court dismisses Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) as procedurally barred from federal habeas review.

## IV.    OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *See id.* In the instant case, the Court held that Grounds 2(K), (Y), (T), (U), (Y), (Z) and (A1) are unexhausted and the second portion of Ground 2(W) alleging that trial counsel failed to "request missing witness jury instruction" is unexhausted (ECF No. 68.) Because Langford's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

1   3. File a motion for other appropriate relief, such as a motion for a stay an

2       abeyance asking this Court to hold his exhausted claims in abeyance while he

3       returns to state court to exhaust the unexhausted claims.

4  **V.    CONCLUSION**

5       It is therefore ordered that Respondents' second partial motion to dismiss (ECF

6  No. 71) is granted. Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) are dismissed as

7  procedurally barred.

8       It is further ordered that, within 30 days of the date of this order, Langford must

9  either:

10      1. File a motion to dismiss seeking partial dismissal of only the unexhausted

11         claims;

12      2. File a motion to dismiss the entire petition without prejudice in order to return

13         to state court to exhaust the unexhausted claim; and/or

14      3. File a motion for other appropriate relief, such as a motion for a stay and

15         abeyance asking this Court to hold his exhausted claims in abeyance while

16         he returns to state court to exhaust the unexhausted claims.

17  Failure to timely comply with this order will result in the dismissal of Langford's mixed

18  petition without further notice.

19      DATED THIS 13th Day of December 2021.

20

21

22  _____
    MIRANDA M. DU

23  CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28