UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JUSTIN ODELL LANGFORD,<br><br>Petitioner,<br>v.<br><br>WARDEN RENEE BAKER, *et al.*,<br><br>Respondents. | Case No. 3:19-cv-00594-MMD-CSD<br><br>ORDER |
|---|---|

**I.    SUMMARY**

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Justin Odell Langford, a person incarcerated in Nevada who is proceeding *pro se*. Currently before the Court is Langford's motion for leave to amend petition for writ of *habeas corpus*. (ECF No. 81.) Respondents oppose the motion (ECF No. 82) and Langford filed his reply. (ECF No. 84.) Also before the Court is Langford's motion for stay and abeyance (ECF No. 83) and declaration of election to abandon unexhausted claims (ECF No. 91). For the reasons discussed below, the Court denies Langford's motion for leave to amend and denies Langford's motion for stay and abeyance.

**II.    BACKGROUND**

On September 25, 2019, Langford initiated this federal proceeding by filing a pro se petition alleging six grounds for relief with numerous subclaims. (ECF No. 1.) Respondents filed their first motion to dismiss. (ECF No. 30.) The Court granted in part determining that Ground 2(D1) will not be construed as a ground for relief, Grounds 2(K), (Y), (T), (U), (Y), (Z), and (A1) are unexhausted, the second portion of Ground 2(W) alleging that trial counsel failed to "request missing witness jury instruction" is unexhausted, and Grounds 3 and 4 are dismissed with prejudice. (ECF No. 68.) The

Court also deferred a ruling on exhaustion and any procedural default of Grounds 2(B), (C), (D), (F), (Q), (R), and (B1). (*Id.*)

Respondents filed a second partial motion to dismiss. (ECF No. 71.) The Court granted Respondents' second partial motion to dismiss and dismissed Grounds 2(B), (C), (D), (F), (Q), (R), and (B1) as procedurally barred. (ECF No. 80.) The Court found Grounds 2(K), (Y), (T), (U), (Y), (Z), (A1), and the second portion of Ground 2(W) alleging that trial counsel failed to "request missing witness jury instruction" unexhausted and instructed Petitioner to elect to dismiss his unexhausted claims, dismiss his entire petition without prejudice to return to state court to exhaust his unexhausted claims, or seek a motion for stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. (*Id.*)

## III.   DISCUSSION

### A.   Motion for Leave to Amend

Langford seeks leave to amend his petition for writ of habeas corpus pursuant to Federal Rule of Civil Procedure 15. (ECF No. 81.) He requests leave to add seven new grounds that he represents have been exhausted in state court. (*Id.* at 2.) He has reviewed the exhibits filed in the instant matter and requests permission to "add all the claims that he had left off the original petition." (*Id.* at 3.) Langford acknowledges that the additional grounds he seeks to add have been declared procedurally defaulted by the state courts. (ECF No. 84 at 3.) He argues, however, that the lower courts went against their own authorities and supreme court rulings. (*Id.*)

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal

punctuation omitted).

Leave to amend may be denied based upon futility alone. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 2004). To assess futility, the court necessarily evaluates whether relief may be available on the merits of the proposed claim. *Caswell v. Calderon*, 363 F.3d 832, 837-39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile. *See id.*

Langford has failed to comply with Local Rule 15-1(a), which requires a party seeking leave to amend to "attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading." Langford failed to provide a complete proposed amended petition, as required by Local Rule 15-1(a). Additionally, Langford's amendments are futile as the new claims would be subject to dismissal.

Langford's motion to amend will be denied on the basis that he has failed to establish good cause for his failure to include his new claims and additional allegations in the original petition and because amendment to add procedurally defaulted new claims would be futile.

**B.     Motion for Stay and Abeyance and Declaration of Election to Abandon Unexhausted Claims**

On January 5, 2022, Langford filed a motion for stay and abeyance so that he may exhaust those claims in state court. (ECF No. 83.) On March 30, 2022, however, Langford filed a declaration of election to abandon unexhausted claims informing the Court of his intent to dismiss his unexhausted claims and pursue his remaining claims. No opposition having been filed by Respondents and the time for doing so having expired, Langford's request to dismiss his unexhausted claims is granted. Langford's motion for stay and abeyance is denied as moot.

///

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Langford's motion for leave to amend his petition for writ of *habeas corpus* (ECF No. 81) is denied.

It is further ordered that Langford's motion for stay and abeyance (ECF No. 83) is denied as moot.

It is further ordered that Claims 2(K), (Y), (T), (U), (Y), (Z), (A1), and the second portion of Ground 2(W) alleging that trial counsel failed to "request missing witness jury instruction" are dismissed without prejudice as unexhausted and by Langford's request.

It is further ordered that Respondents will have 60 days to answer the remaining claims of the petition in this case.

It is further ordered that Langford will have 30 days following service of the answer to file and serve a reply brief.

It is further ordered that in the answer, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that any additional state court record and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3 and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. See LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—need not be provided to chambers or to the staff attorney, unless later directed by the court.

It is further ordered that all other instructions set forth in the Court's October 22, 2019 order (ECF No. 4) remain in effect.

DATED THIS 3rd Day of May 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE