UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN ODELL LANGFORD, | Case No. 3:19-cv-00594-MMD-CSD |
| Petitioner, | |
| v. | ORDER |
| WARDEN RENEE BAKER, *et al*., | |
| Respondents. | |

    *Pro se* Petitioner Justin Odell Langford filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 5 ("Petition")). Before the Court are four pending motions: (1) motion to reconsider motion to amend at ECF No. 81 (ECF No. 97), (2) motion for one free copy of the docket in this action (ECF No. 102), (3) motion for judgment on petition notwithstanding Respondents' response (ECF No. 104), and (4) request for judicial notice and action be taken (ECF No. 110).

    Having reviewed the parties' submissions in this matter, the Court concludes that the just course of action is to appoint counsel for Langford to file a counseled first amended petition. *See* 18 U.S.C. § 3006(a)(2)(B). Therefore, the Court *sua sponte* reconsiders and reverses its prior order (ECF No. 4) to the extent that it denied Langford's motion to appoint counsel (ECF No. 1-5).

    It is therefore ordered that the motion for appointment of counsel (ECF No.1-5) is granted.

    It is further ordered that the Federal Public Defender is provisionally appointed as counsel for Langford and will have 30 days to undertake direct representation of Langford or to indicate the office's inability to represent Langford in these proceedings. If the

Federal Public Defender is unable to represent Langford, the Court will appoint alternate counsel. The counsel appointed will represent Langford in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. At all times, Langford remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2254(d)(1) and timely asserting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is directed to send a copy of this order to Langford and to the CJA Coordinator for this Division and to send a copy of the Petition and this order to the Federal Public Defender.

It is further ordered that the deadline for Respondents to file an answer to the Petition is stayed pending appointment of counsel.

It is further ordered that the motion to reconsider the motion to amend the Petition (ECF No. 97) is denied as moot.

It is further ordered that the motion for one free copy of the docket in this action (ECF No. 102) is denied as moot.

It is further ordered that the motion for judgment on petition notwithstanding Respondents' response (ECF No. 104) is denied as moot.

///

///

///

///

It is further ordered that the request for judicial notice and action be taken (ECF No. 110) is denied as moot.

DATED THIS 14th Day of September 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE