UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JUSTIN ODELL LANGFORD,<br><br>                    Petitioner,<br>    v.<br><br>WARDEN RENEE BAKER, *et al.*,<br><br>                   Respondents. | Case No. 3:19-cv-00594-MMD-CSD<br><br>ORDER |

Before the Court is Petitioner's Motion for Leave to File Documents Under Seal. (ECF No. 124.) Petitioner seeks leave to file under seal two documents in the index of exhibits in support of his first amended petition: Exhibit 17, SNCAC Clinic Assessment of H.H., the alleged victim (ECF No. 125-1), and Exhibit 18, Petition—Abuse/Neglect filed by the state in family court seeking custody of H.H. and her younger sister (ECF No. 125-2).

Under Nevada law, juvenile justice records and information maintained by child welfare agencies are to be kept confidential. *See* NRS § 62H.025(1); NRS § 432B.280. In addition, the need to protect medical privacy generally qualifies as a "compelling reason" for sealing records in connection with a dispositive motion. *E.g., Abbey v. Hawaii Emp'rs Mut. Ins. Co. (HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010). Here, Exhibit 17 includes a physical assessment of a juvenile, which contains sensitive private information.

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect the safety, privacy, and/or personal identifying information of the juvenile alleged victim, H.H., outweighs the public interest in open access to court records.

It is therefore ordered that Petitioner's Motion for Leave to File Documents Under Seal. (ECF No. 124) is granted. Exhibits 17 (ECF No. 125-1) and 18 (ECF No. 125-2) are considered properly filed under seal.

DATED THIS 12th Day of December 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE