UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN ODELL LANGFORD,<br><br>        Petitioner,<br> v.<br>WARDEN RENEE BAKER, *et al.*,<br><br>        Respondents. | Case No. 3:19-cv-00594-MMD-CSD<br><br>ORDER |

**I. SUMMARY**

  This habeas matter is before the Court on Petitioner Justin Odell Langford's Motion for Stay and Abeyance (ECF No. 162) and Motions for Enlargement of Time (ECF Nos. 166, 167, 168, 169). For the reasons discussed below, Petitioner's Motion for Stay and Abeyance is granted, and his Motions for Enlargement of Time are denied as moot. Petitioner's Motion for Discovery (ECF No. 128) and Respondents' Motion to Dismiss (ECF No. 154) are denied without prejudice.

**II. BACKGROUND**

  On September 25, 2019, Petitioner initiated this federal proceeding by filing a *pro se* petition alleging six grounds for relief with numerous subclaims. (ECF No. 1.) The Court granted Respondents' first motion to dismiss in part determining that Ground 2(D1) will not be construed as a ground for relief, Grounds 2(K), (Y), (T), (U), (Y), (Z), and (A1) are unexhausted, the second portion of Ground 2(W) alleging that trial counsel failed to "request missing witness jury instruction" is unexhausted, and Grounds 3 and 4 are dismissed with prejudice. (ECF No. 68.) The Court also deferred a ruling on exhaustion and any procedural default of Grounds 2(B), (C), (D), (F), (Q), (R), and (B1). (*Id.*)

  Respondents filed a second partial motion to dismiss. (ECF No. 71.) The Court granted Respondents' second partial motion to dismiss and dismissed Grounds 2(B), (C),

(D), (F), (Q), (R), and (B1) as procedurally barred. (ECF No. 80.) The Court found Grounds 2(K), (Y), (T), (U), (Y), (Z), (A1), and the second portion of Ground 2(W) alleging that trial counsel failed to "request missing witness jury instruction" unexhausted and instructed Petitioner to elect to dismiss his unexhausted claims, dismiss his entire petition without prejudice to return to state court to exhaust his unexhausted claims, or seek a motion for stay and abeyance to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. (*Id.*)

Petitioner requested a stay and abeyance (ECF No. 83). On March 30, 2022, however, Petitioner filed a declaration of election to abandon unexhausted claims informing the Court of his intent to dismiss his unexhausted claims and pursue his remaining claims. (ECF No. 91.) The Court therefore granted Petitioner's request to dismiss his unexhausted claims and denied his motion for stay and abeyance as moot. (ECF No. 96.)

In July 2023, Petitioner filed a counseled amended petition. (ECF No. 122.) Petitioner concedes that he raises Grounds Two, Three, Four, and Six in his amended petition for the first time. (ECF No. 162 at 2.) He also asserts that some of his claims rely on new evidence that Petitioner was unable to develop during his *pro se* state post-conviction proceedings. (*Id.*) Petitioner is currently presenting Grounds Two, Three, Four, and Six in state court and requests that the Court stay his federal habeas case while he exhausts his claims in state court. (*Id.*)

### III.   DISCUSSION

A district court is authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances

set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276-77).

A statement that a habeas petitioner was *pro se* during his state post-conviction proceedings is sufficient to constitute good cause for failing to exhaust claims. *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon*, 847 F.3d at 721.

Petitioner has shown good cause for his failure to exhaust his claims in state court because he was not represented by post-conviction counsel. (ECF No. 165 at 4-5.) Respondents assert that a stay would be futile and wasteful because, based on *Shinn v. Ramirez*, 596 U.S. 366 (2022), the Court may not consider new evidence upon return to this Court following a stay. The Court, however, need not reach a determination at this time whether the Court will entertain new evidence upon a return to this Court following a

stay. *Ramirez* does not concern the good cause requirement for a *Rhines* stay. In addition to Petitioner's lack of post-conviction counsel, Petitioner asserts that he presents a colorable argument that the state court can review his claims on the merits because he is actually innocent.[1]

A claim is potentially meritorious unless "it is perfectly clear that the [petitioner] does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Petitioner establishes that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon*, 847 F.3d at 722. There is also no indication that Petitioner has intentionally engaged in dilatory litigation tactics. Accordingly, the Court will grant Petitioner's motion for stay and abeyance.

## IV. CONCLUSION

It is therefore ordered that Petitioner Justin Odell Langford's Motion for Stay and Abeyance (ECF No. 162) is granted.

It is further ordered that Petitioner's Motion for Discovery (ECF No. 128) is denied without prejudice.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 154) is denied without prejudice to the reassertion of any and all defenses then applicable following the stay, following upon a scheduling order directing a response.

It is further ordered that Petitioner's Motions for Enlargement of Time (ECF Nos. 166, 167, 168, 169) are denied as moot.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims in the amended petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner filing, if same is not already pending, a state post-conviction petition or other appropriate

---

[1] See *Schlup v. Delo*, 513 U.S. 298 (1994); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) (A "credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits.").

4

proceeding in state district court within 45 days of entry of this order and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[2]

It is further ordered that with any motion to reopen filed following completion of all state court proceedings, Petitioner: (a) shall attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if Petitioner intends to amend the federal petition, shall file a motion for leave to amend along with the proposed amended petition or a motion for extension of time to move for leave.

The Clerk of Court is directed to administratively close this action until such time as the Court grants a motion to reopen the matter.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

DATED THIS 30th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).